UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Daniel Patrick Murphy,                                      Case No.  3:20-cv-02103

            Plaintiff

v.                                                          MEMORANDUM OPINION
                                                                AND ORDER

Correction Center of Northwest Ohio,

            Defendants

### BACKGROUND AND HISTORY

*Pro se* Plaintiff Daniel Patrick Murphy, a federal pretrial detainee, filed this *Bivens*[1] action against the Correction Center of Northwest Ohio ("CCNO").  In the Complaint, Plaintiff alleges that he and two other federal pretrial detainees were brought to CCNO together and were placed into quarantine together.  He claims one of the other two detainees was released from quarantine after seven days, but he and the other detainee were required to quarantine for the full fourteen days. He contends when he asked why he was not released from quarantine after seven days like the other detainee, he was not provided with an explanation.  He contends this subjected him to cruel and unusual punishment.  He seeks monetary damages.

---

[1]        *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971).

## STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), I am required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, I must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## ANALYSIS

The Eighth Amendment prohibits the infliction of cruel and unusual punishment on those convicted of crimes. Because the Eighth Amendment applies specifically to individuals who have already been convicted, and Plaintiff is a pretrial detainee, his claims arise under the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment. *City of Revere v. Mass.*

*Gen. Hosp.*,463 U.S. 239, 244 (1983). Nevertheless, they are analyzed under the same rubric as Eighth Amendment claims brought by prisoners. *See Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir. 1985) (citing *Bell v. Wolfish*, 441 U.S. 520, 545 (1979)).

The Eighth Amendment protects those who are incarcerated from punishment that is "barbarous" or that which contravenes society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). It requires that "prison officials ... ensure that inmates receive adequate food, clothing, shelter, and medical care, and ... 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).

This, however, does not mandate that a prisoner be free from discomfort or inconvenience during his or her incarceration. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). Prisoners are not entitled to unfettered access to the medical treatment of their choice, *see Hudson v. McMillian*, 503 U.S. 1, 9 (1992), nor can they "expect the amenities, conveniences and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988); *see Thaddeus-X v. Blatter*,175 F.3d 378, 405 (6th Cir. 1999). In sum, the Eighth Amendment affords the constitutional minimum protection against conditions of confinement which constitute health threats but does address those conditions which cause the prisoner to feel merely uncomfortable or which cause aggravation or annoyance. *Hudson*, 503 U.S. at 9-10 (requiring extreme or grave deprivation).

The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson*, 503 U.S. at 8. Routine discomforts of

Case: 3:20-cv-02103-JJH  Doc #: 4  Filed: 02/08/21  4 of 5.  PageID #: 25

prison life do not suffice.  *Id.*  Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment.  *Id.* at 9.

A plaintiff must also establish a subjective element showing prison officials acted with a sufficiently culpable state of mind.  *Id.*  Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error.  *Whitley v. Albers*, 475 U.S. 312, 319 (1986).  Liability cannot be predicated solely on negligence.  *Id.*  A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Plaintiff's claim does not meet either of these two elements.  First, the conditions which Plaintiff describes, while perhaps less comfortable than those which inmates who are not in quarantine experience, are not of the level of severity that pose a serious risk to his health or safety.  They are not sufficiently serious to meet the objective criteria of an Eighth Amendment claim.  Moreover, an Eighth Amendment claim also has a subjective element.  He must allege that a particular individual acted with a deliberate indifference to a serious risk to his health or safety.  Plaintiff names only the jail in which he is detained, not an individual defendant.  *Bivens* claims can only be brought against individual defendants.  *Correctional Services Corporation v. Malesko*, 534 U.S. 61, 70 (2001).

### CONCLUSION

Having considered and examined the *pro se* Plaintiff's pleadings to determine their legal viability, I conclude they fail to state a claim upon which relief may be granted.  Therefore, this

4

action is dismissed pursuant to 28 U.S.C. § 1915(e).  I certify, pursuant to 28 U.S.C. § 1915(a)(3),

that an appeal from this decision could not be taken in good faith.  This case is closed.

So Ordered.


s/ Jeffrey J. Helmick
United States District Judge